KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900
FACSIMILE:
(202) 326-7999

July 10, 2025

*Via ECF*

The Honorable Margaret M. Garnett
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

>       Re:     *UMG Recordings, Inc. v. Verizon Communications Inc.*, No. 24-cv-05285-MMG
>               Letter Motion for Stay Pending Supreme Court decision in *Cox Communications,*
>               *Inc. v. Sony Music Entertainment*, No. 24-171 (cert. granted June 30, 2025)

Dear Judge Garnett:

Last week, the U.S. Supreme Court granted Cox's certiorari petition and denied Sony's petition from *Sony Music Entertainment v. Cox Communications, Inc.*, 93 F.4th 222 (4th Cir. 2024) ("*Cox II*") — just as the Solicitor General recommended, *see* Dkt. 47. The Court should stay this case until the Supreme Court rules. The Cox petition presents the same issue as Verizon's pending motion to dismiss: whether an internet service provider ("ISP") can be contributorily liable when others allegedly use its internet service to commit copyright infringement. *See* Dkt. 40 at 8-21. The Supreme Court's ruling in *Cox* will control this Court's decision on that issue. A stay is therefore warranted in the interest of judicial economy and will not prejudice any party. The parties have conferred, and the Labels oppose a stay.

**1.**      Verizon offers high-speed internet access service to its Fios and wireless customers. While those customers use the internet for many lawful purposes — including work, school, telemedicine, communications, and entertainment — a small number of users allegedly exchange others' copyrighted material over the internet, in violation of Verizon's terms of service. The Labels allege that, because they bombarded a public Verizon inbox with emails purporting to identify such infringers, Verizon is secondarily liable for that copyright infringement. This is not a one-off complaint, but part of the Labels' industry-wide strategy to monetize piracy by turning deep-pocketed ISPs into a revenue stream. *See* Dkt. 40 at 2-7.

In September 2024, Verizon moved to dismiss, showing that the Labels failed to allege plausibly that Verizon committed either contributory or vicarious infringement. As to the former, Verizon explained that the Supreme Court's decision in *Twitter, Inc. v. Taamneh*, 598 U.S. 471 (2023), rejected the conception of aiding-and-abetting liability on which courts, including *Cox II*,

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Hon. Margaret M. Garnett
July 10, 2025
Page 2

had relied in holding that ISPs could be contributorily liable for users' copyright infringement. Throughout the briefing, the parties repeatedly cited *Cox II*'s contributory-infringement holding. *See* Dkt. 47 at 1 (collecting cites). As to the latter, Verizon relied on *Cox II*, which rejected identical vicarious-liability claims, as well as the Labels' decision not to appeal the dismissal of those same claims against another ISP, *see UMG Recordings, Inc. v. Grande Commc'ns Networks, L.L.C.*, 118 F.4th 697, 705 (5th Cir. 2024), *cert. pending*, No. 24-967 (U.S.).

Shortly after that briefing concluded, the Supreme Court called for the views of the Solicitor General on Cox's and Sony's dueling certiorari petitions seeking review of the Fourth Circuit's decision. *See* Order List at 1 (Nov. 25, 2024). On May 27, 2025, the Solicitor General urged the Supreme Court to grant Cox's petition — because the Fourth Circuit erred in upholding the Labels' contributory-infringement theory — but to deny Sony's petition, because the Fourth Circuit correctly rejected their vicarious-infringement theory. *See* Dkt. 47 Exh. at 8-14, 19-22. Last week, the Supreme Court followed the Solicitor General's recommendation, granting Cox's petition to review the contributory-infringement question and denying Sony's, leaving in place *Cox II*'s rejection of vicarious liability. *See* Order List at 5-6 (June 30, 2025). Oral argument will likely occur in December 2025, with a ruling no later than June 30, 2026.

       **2.**    This Court has broad authority to stay proceedings pending developments in another case "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012). In deciding a stay motion, courts in this district consider (1) the interest of the plaintiffs in proceeding quickly; (2) the burden on the defendant; (3) the interest of the courts; (4) the interests of nonparties; and (5) the public interest. *See Loftus v. Signpost Inc.*, 464 F. Supp. 3d 524, 526 (S.D.N.Y. 2020) (granting stay pending Supreme Court ruling).

Those factors typically converge to warrant a stay when the Supreme Court has granted certiorari in another case to decide a controlling legal issue. For example, when the Supreme Court granted certiorari in *CFPB v. CFSA*, 601 U.S. 416 (2024), Judge Cronan entered a stay — over the CFPB's objection — to await the Supreme Court's ruling on whether the CFPB's funding structure is lawful. *See CFPB v. MoneyLion Techs. Inc.*, 2023 WL 8644377, at *1 (S.D.N.Y. Dec. 1, 2023). That case, like this one, "ha[d] not proceeded past the motion to dismiss stage," so it "would be inefficient to decide the pending motion to dismiss" considering "the binding effect that [the Supreme Court's] decision will have." *Id.* at *3. And, as here, a stay was warranted to "avoid unnecessary litigation costs" and ensure "the most efficient use of court resources" before the Supreme Court's impending ruling. *Id.* at *3-4. That decision was no outlier. "Courts within this Circuit have routinely stayed cases when a higher court is close to settling an important issue of law bearing on the action." *CFPB v. MoneyGram Int'l, Inc.*, 2022 WL 17547438, at *2 (S.D.N.Y. Dec. 9, 2022) (cleaned up); *see also Sikhs for Just. v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012) (collecting cases). Courts in other circuits have done the same. *See, e.g., Skulevold v. SD&A Teleservices, Inc.*, 2020 WL 7711834, at *2-7 (C.D. Cal. Nov. 18, 2020); *Boger v. Citrix Sys., Inc.*, 2020 WL 1939702, at *1-2 (D. Md. Apr. 22, 2020); *Doe v. Parx Casino*, 2019 WL 13268141, at *1 n.1 (E.D. Pa. May 10, 2019).

Kᴇʟʟᴏɢɢ, Hᴀɴsᴇɴ, Tᴏᴅᴅ, Fɪɢᴇʟ & Fʀᴇᴅᴇʀɪᴄᴋ, ᴘ.ʟ.ʟ.ᴄ.

Hon. Margaret M. Garnett
July 10, 2025
Page 3

The Second Circuit has similarly stayed cases while awaiting the Supreme Court's ruling on a central legal question. *See, e.g., Garcia Carrera v. Garland*, 117 F.4th 9, 12 (2d Cir. 2024). And it has instructed district courts to do the same. For example, in *Blow v. United States*, 829 F.3d 170 (2d Cir. 2016) (per curiam), the Second Circuit concluded that a habeas petitioner had made a prima facie showing and remanded to the district court for "fuller exploration." *Id.* at 172. But because the Supreme Court had "granted certiorari" in a case that would "likely decide . . . whether [an earlier Supreme Court ruling] applies retroactively" — the key question in the habeas petition — the court of appeals "instructed" the district court to hold the "motion in abeyance pending" the Supreme Court's ruling. *Id.* at 172-73; *see also L.K. v. New York City Dep't of Educ.*, 674 F. App'x 100, 102 (2d Cir. 2017) (similarly "direct[ing] the district court to hold . . . the instant case in abeyance pending the Supreme Court's decision in" a different, pending case).

**3.**    The same reasoning supports staying this case to await the Supreme Court's ruling in *Cox*. That ruling will control whether the Labels' lead contributory-infringement claim remains viable. Indeed, the Labels have premised their entire liability theory on *Cox II*'s contributory-infringement holding, claiming that the Fourth Circuit "rejected the very arguments Verizon makes here." Dkt. 42 at 16. The Labels also relied heavily on the Fifth Circuit's contributory-infringement holding in *Grande*, which itself relied on *Cox II* and which the Supreme Court will therefore address after ruling in *Cox*.[*] It would not be "the most efficient use of court resources" to decide now whether to follow *Cox II* and *Grande* when the Supreme Court will soon decide if they were correct. *MoneyLion*, 2023 WL 8644377, at *3-4.

A stay would promote judicial economy no matter how the Court might rule on Verizon's motion to dismiss. If the Court finds Verizon's and the Solicitor General's arguments persuasive and grants Verizon's motion, the Second Circuit would surely stay the Labels' appeal pending *Cox*. And if the Court were instead to deny Verizon's motion, all the work the parties and the Court would do in the months between now and the Supreme Court's *Cox* ruling could be wasted. In contrast, even if the Supreme Court affirms the Fourth Circuit's contributory-infringement ruling, the Labels will suffer no prejudice from the brief delay awaiting that result. *See id.* at *2 ("short duration" of stay undercuts prejudice). Indeed, no discovery is occurring now. There are no court deadlines with which a stay would interfere. And the Labels have articulated no plausible need to rush this case forward in the interim. *See* Dkt. 45 at 1-2. Quite the opposite: allowing the Supreme Court to decide *Cox* would "advance [the Labels'] interest by providing the Court with guidance as to the quality, nature, and validity of their claims, effectively expediting the resolution[ ]" of this action. *In re MPM Silicones L.L.C.*, 2017 WL 4386378, at *2 (S.D.N.Y. Oct. 2, 2017). It benefits no one — least of all the Labels — to plunge ahead with burdensome litigation on a theory the Supreme Court may soon reject.

---

[*] The Labels cited *Grande* more than 15 times. *See generally* Dkt. 42. The Supreme Court considered Grande's certiorari petition (No. 24-967) at the same conference in which it granted Cox's petition. As is its normal practice when facing multiple petitions raising the same issue, the Supreme Court appears to be holding Grande's petition pending its merits decision in *Cox*.

Kᴇʟʟᴏɢɢ, Hᴀɴsᴇɴ, Tᴏᴅᴅ, Fɪɢᴇʟ & Fʀᴇᴅᴇʀɪᴄᴋ, ᴘ.ʟ.ʟ.ᴄ.

Hon. Margaret M. Garnett
July 10, 2025
Page 4

Respectfully submitted,

/s/ Joshua D. Branson
Joshua D. Branson

*Counsel for Verizon*

cc: Counsel of Record (via ECF)