

Jeffrey M. Gould
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.851.4526
jeff@oandzlaw.com

**<u>Via ECF</u>**                                                                                              July 18, 2025

The Honorable Margaret M. Garnett
United States District Court, SDNY
40 Foley Square, Room 2102
New York, NY 10007

      Re:    *UMG Recordings, Inc. v. Verizon Communications, Inc.* Case No. 24-cv-05285
               Response to Defendant's Letter Motion for Stay

Dear Judge Garnett:

      Plaintiffs write in response to Verizon's request to stay this action due to the Supreme Court's grant of certiorari in *Cox Communications, Inc. v. Sony Music Entertainment*, No. 24-171 ("*Cox*"). Dkt. 49 ("Ltr."). Verizon's stay request is its latest effort to shield its misconduct from scrutiny, which persists even during this litigation. Even if the Supreme Court adopts the *Cox* petitioner's far-fetched interpretation of the law, that would neither dispose of Plaintiffs' case against Verizon nor meaningfully alter the discovery needed. A stay would only cause further delay and prejudice to Plaintiffs, rather than benefit judicial economy.

      Plaintiffs filed suit over a year ago seeking redress for infringement of more than 17,000 copyrighted sound recordings on Verizon's network. Verizon received notices from Plaintiffs detailing infringement of each of those recordings as it occurred; Verizon ignored them. It crafted its policy of tossing infringement notices in the trash after scrapping a program aimed at educating subscribers to stop infringing. Not wanting to be held to account, Verizon has tried to stall this case since inception, including opposing Plaintiffs' request to start discovery. Dkt. 45. Now, Verizon seeks what would be a yearlong stay based on speculation that a *Cox* ruling *might* impact some aspects of Plaintiffs' contributory infringement claim—though it will *not* impact their vicarious liability claim or Verizon's primary defense under the Digital Millennium Copyright Act ("DMCA"). This case is already one year old and has not left the gate. Verizon has failed to carry its burden to justify further delay. The request should be denied.

      **I.**      **Courts issue stays only in rare circumstances not present here.**

      Verizon's claim that the circumstances here "typically" "warrant a stay," Ltr. 2, is wrong. Courts more commonly deny stays when the Supreme Court reviews an issue that will neither be dispositive nor meaningfully affect discovery, as here.[1] "Only in ***rare*** circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936) (emphasis added) (holding indefinite stay that exceeded a year was abuse of discretion). A stay is an "extraordinary

---

[1] *See also Mey v. ADT, Inc.*, 2021 WL 9666820 (N.D. W. Va. Feb. 17, 2021) (denying stay where Supreme Court case might affect only one of two claims and discovery needed regardless); *DiStasio v. Edible Arrangements, LLC*, 2021 WL 1087499, at *3 (D. Conn. Feb. 1, 2021) (holding a "stay will not assuage the private interests of and burden on the defendant" because "no matter what . . . the Supreme Court [does], the Parties will still need to complete outstanding discovery in this case[.]"); *Pittenger v. First Nat'l Bank of Omaha*, 2020 WL 5596162 (E.D. Mich. Sept. 18, 2020) (same); *Robinson v. Ardoin*, 2022 WL 1404661, at *2 (M.D. La. May 4, 2022) (denying stay because "[t]he blow to judicial economy and prejudice to Plaintiffs . . . cannot be justified by speculation over future Supreme Court deliberations"); *Walker v. Medtronic, Inc.*, 2008 WL 346384, at *1 (S.D.W. Va. Feb. 6, 2008) (denying stay as "it is unlikely that [Supreme Court case's] outcome will entirely alter the scope of discovery to be conducted" here).

Hon. Margaret M. Garnett
July 18, 2025

remedy," even in the event of a parallel *criminal* case involving the same defendant. *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 98 (2d Cir. 2012). The movant thus bears the burden to "make out a clear case of hardship or inequity in being required to go forward," *Landis*, 299 U.S. at 255, given "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Kappel v. Comfort*, 914 F.Supp.1056, 1058 (S.D.N.Y. 1996). Verizon has not come close to making out the necessary "clear case."

## II.     *Cox* will neither dispose of Plaintiffs' claims nor alter discovery.

Whatever the Supreme Court does in *Cox*, it will have no impact on Plaintiffs' vicarious claim or Verizon's DMCA safe harbor defense. "[W]here a Supreme Court or an appellate court decision would not dispose of the main issues in the litigation . . . considerations of fairness and efficiency [] weigh in favor of denying a stay of the proceedings pending the decision." *United States v. Town of Oyster Bay*, 66 F.Supp.3d 285, 290 (E.D.N.Y. 2014) (denying stay where Supreme Court case could affect only one of two claims).[2] Verizon's request is effectively one to stay discovery pending a ruling on a motion to dismiss, which this Court routinely denies. *See, e.g.*, *Simpson-Quin v. Montejano*, 2024 WL 3347040, at *1 (S.D.N.Y. July 9, 2024) (Garnett, J.).

Discovery on Plaintiffs' vicarious claim (and Verizon's DMCA defense) heavily overlaps with discovery on contributory liability, as largely the same evidence will be relevant "whether or not one resorts to the concept of vicarious, rather than contributory, infringement." *Concord Music Grp., Inc. v. X Corp.*, 2024 WL 945325, at *10 (M.D. Tenn. Mar. 5, 2024). For its DMCA safe harbor defense, Verizon must prove it "adopted and reasonably implemented . . . a policy that provides for the termination in appropriate circumstances of . . . repeat infringers." 17 U.S.C. § 512(i)(1)(A).[3] Even if the Supreme Court adopts Cox's view that an internet provider cannot be liable as a contributory infringer without conscious and culpable participation in the infringement, discovery will still be needed on Verizon's repeat infringer policy and DMCA program; Verizon's receipt of and response to infringement notices; Verizon's knowledge of and communications with infringers; Verizon's financials, including revenue from infringers; and Verizon's affirmative acts to foster infringement. Staying the case would thus not avoid any burden on Verizon, the Court, or third parties (the second, third, and fourth *Kappel* factors).

Verizon is completely wrong that *Cox* will determine whether Plaintiffs' contributory infringement claim is "viable." Ltr. 3. The Question Presented does not ask the Supreme Court to abolish this longstanding doctrine.[4] It seeks to clarify one of two elements (*i.e.*, material contribution, but not knowledge). Every court to consider the issue, including multiple circuit courts, has (1) held that well-established principles of contributory liability render an internet service provider liable for the continued provision of service to known repeat infringers, and (2) rejected Verizon's argument that *Twitter v. Taanmeh* alters those principles. *See* Dkt. 42 (Pls. MTD Opp.) at 12–18; Respondents' Supp. Br. at 3–8, Nos. 24-171 & 24-181 (U.S. June 10, 2025) (attached as Ex. 1). And even if the Supreme Court alters the material contribution element for

---

[2] As previously explained, Verizon's motion to dismiss the vicarious liability claim is meritless. *See* Dkt. 42 (Pls' MTD Opp.) at 18–25.

[3] Though it is difficult to fathom how Verizon will make a DMCA safe harbor argument given its decision to throw away notices, it has indicated its intent to assert the defense.

[4] Question Presented, *Cox Commc'ns*, No. 21-471, available at http://www.supremecourt.gov/qp/24-00171qp.pdf.

Hon. Margaret M. Garnett
July 18, 2025

certain ISPs, much work will remain in this Court to determine how to apply that standard to this case's unique facts, which differ in material respects from *Cox*.

Verizon's cited cases do not support its request. In *CFPB v. MoneyLion Techs. Inc.,* 2023 WL 8644377, at *1 (S.D.N.Y. Dec. 1, 2023) and *Sikhs for Just. v. Nath,* 893 F.Supp.2d 598, 619 (S.D.N.Y. 2012), the related Supreme Court cases concerned legal questions likely to be dispositive of the other action. Here, Plaintiffs' vicarious claim will remain and any clarification from *Cox* will be applied to this case's specific facts. And *MoneyLion*'s stay was hardly universal; other courts denied stays in the same circumstances. *CFPB v. Manseth*, 2024 WL 805628, at *1, *8 (W.D.N.Y. Feb. 26, 2024) (denying stay and citing cases). Further, a stay here would likely last a year, whereas Verizon's cited case (with one exception) had stays of two to seven months.

### III.   A stay would unfairly prejudice Plaintiffs.

Plaintiffs filed this case more than a year ago and have been diligently attempting to move it forward. Dkt. 44, 46. Plaintiffs seek to remediate profound harm Verizon is causing based on policies and procedures that remain in place today. The harm is massive, as once one infringing copy is on peer-to-peer networks, it cannot be contained; it can be duplicated and shared *ad infinitum*. Delaying another year would prevent Plaintiffs from "vindicat[ing] the statutory policy" of providing "reparation for injury" and "discourag[ing] wrongful conduct." *F. W. Woolworth Co. v. Contemp. Arts*, 344 U.S. 228, 233 (1952). By contrast, Verizon will not be prejudiced by this case proceeding, as substantially overlapping discovery is necessary regardless of *Cox*'s outcome:

> [T]he expense and time involved in permitting discovery to proceed on schedule would not prejudice the Defendant because . . . [another] claim may still be viable. As such, any expenses incurred with proceeding with the litigation on schedule would not be a waste. To the contrary, under the circumstances, staying the case would merely delay litigation and likely result in greater inefficiencies to the Court and litigants.

*Town of Oyster Bay*, 66 F.Supp.3d at 292 (internal quotation marks omitted); *see also Laumann v. Nat'l Hockey League*, 2013 WL 837640, at *3 (S.D.N.Y. Mar. 6, 2013) (same).

Briefing in *Cox* will proceed through the fall, with a ruling by June 2026. Discovery, once started, is unlikely to conclude before then. The Court should let discovery proceed now so that the parties can develop the facts. If a *Cox* ruling clarifies applicable legal standards, it will do so before this case reaches summary judgment; those standards can be applied at that time. There is thus no reason to stay the case pending *Cox*, and hardly a "clear case of hardship or inequity in [the defendant] being required to go forward." *SEC v. Collector's Coffee, Inc.*, 2020 U.S. Dist. LEXIS 104837, at *4 (S.D.N.Y. June 15, 2020) (movant "cannot establish a need for a stay because [the related Supreme Court case] will only impact some of the remedies available here and this case is still in the early stages of discovery").[5]

Thus, the first *Kappel* factor (prejudice to Plaintiffs) counsels against a stay. So does the fifth factor (public interest), including in enforcing the nation's copyright laws, minimizing harm to creators, and advancing the Court's docket without delay. Plaintiffs respectfully request that the Court deny a stay and schedule an initial pre-trial conference at its earliest convenience.

---

[5] In *Warner Records Inc. v. Altice USA, Inc.*, No. 2:23-cv-00576-JRG-RSP (EDTX), the plaintiffs (including two of the plaintiff groups here) agreed to a stay because the posture of the case called for it, unlike here. There, discovery had concluded, the parties had filed their summary judgment motions, and trial was two months away when the Supreme Court granted Cox's petition for certiorari.

Hon. Margaret M. Garnett
July 18, 2025

                                        Respectfully submitted,

                                        */s/ Jeffrey M. Gould*

                                        *Counsel for Plaintiffs*

cc: Counsel of Record (via ECF)

4